IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1161-JDT-egb |
| ) | |
| MICHAEL PARRIS, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA

On July 2, 2015, Terry Reed, prisoner number 432440, who was, at the time, incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) However, the *in forma pauperis* affidavit did not include a current copy of Plaintiff's inmate trust account statement, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on July 6, 2015, directing Plaintiff to submit the necessary paperwork or pay the entire $400 civil filing fee.[1] (ECF No. 5.) That order was returned undeliverable on July 27, 2015, with a notation that Plaintiff was incarcerated at the

---

[1] Under 28 U.S.C. § 1914(a), the civil filing fee is $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, which does not apply to cases in which the plaintiff is allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is granting leave to proceed *in forma pauperis* in accordance with the PLRA, Plaintiff is not liable for the additional $50 fee.

Davidson County Sheriff's Department in Nashville, Tennessee. (ECF No. 6.) The order was then re-mailed to the new address, which was confirmed by Plaintiff on August 5, 2015. (ECF No. 7.) Plaintiff also requested an extension of time to submit his documentation. (*Id.*) The Court granted that request on August 6, 2015, allowing an additional 30 days in which to comply. (ECF No. 8.) On September 11, 2015, the Clerk received a letter from Plaintiff in which he stated that numerous attempts to obtain his trust account statement from the NWCX have been made, but have been unsuccessful.[2]

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff has submitted an *in forma pauperis* affidavit and has made an effort to obtain his inmate trust account statement. A prisoner cannot be penalized for prison officials' inaction. *See McGore v. Wrigglesworth*, 614 F.3d 601, 611 (6th Cir. 1997). Therefore, the motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately

---

[2] In his change of address, Plaintiff provided the physical address where he was incarcerated. (ECF No. 7.) However, the return address on that envelope and the return address on the envelope of his most recent letter both contain the correct mailing address for inmates in the Davidson County Sheriff's Office, which is a post office box. The Clerk is DIRECTED to modify Plaintiff's address to: Davidson County Sheriff's Office, P.O. Box 196383, Nashville, TN 37219-6383. *See* www.nashville.gov/Sheriffs-Office/Contact-Us.aspx.

preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other

requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Davidson County Sheriff to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE