IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1161-JDT-egb |
| ) | |
| MICHAEL PARRIS, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 2, 2015, Plaintiff Terry Reed, who was, at the time, incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Plaintiff was subsequently moved to the Davidson County Sheriff's Department. (ECF No. 7.) On September 22, 2015, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 11.) That order also directed Plaintiff to notify the Court immediately, in writing, of any further change of address. (*Id.* at 3.)

On August 2, 2016, the Court issued an order that dismissed the complaint for failure to state a claim but granted leave to amend within thirty days. (ECF No. 13.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 10.) However, on August 15, 2016, that order was returned undeliverable marked "Return to Sender," "Not Deliverable as Addressed," and "Unable to

Forward." (ECF No. 14.) Plaintiff has submitted no further change of address. Plaintiff also has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the August 2, 2016, order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE